[No. 33327. *En Banc.* March 15, 1956.]

MOSES LAKE HOMES, INC., *Appellant*, v. THE STATE OF WASHINGTON, *Respondent.*[1]

*Lycette, Diamond & Sylvester* and *Lyle L. Iversen,* for appellant.

*The Attorney General* and *Keith Grim, Assistant,* for respondent.

MALLERY, J.—The plaintiff corporation was organized for the purpose of constructing, operating, and maintaining a

[1]Reported in 294 P. (2d) 1113.

housing project on the Larson Air Force Base near Moses Lake, Washington, under the provisions of 63 Stat. 570, known as the Wherry act. The purpose of the act was to provide housing for Federal government personnel at military installations without the appropriation of public moneys.

The plaintiff constructed four hundred houses upon one hundred thirty-eight acres leased from the Federal government for seventy-five years at one hundred dollars a year. It had obtained a construction loan, which was secured by a mortgage on its leasehold interest. This loan was made possible because it was insured by the Federal housing administration under the provisions of the Wherry act. The plaintiff corporation will operate the housing project until the termination of the lease, and must repay the loan by 1985 out of rentals collected from its subtenants, who, with a few exceptions, will consist of Federal government personnel.

The project was completed on December 1, 1951. On the preceding July 9th, the state issued to plaintiff a notice of assessment for unpaid taxes on the sales to it of material and labor used in the construction of the housing project. Plaintiff has paid the tax, and this action was brought to recover it.

The plaintiff appeals from an adverse judgment.

The appellant contends that it did not owe the tax it has paid on the sales in question, because the material it bought, as well as the material and labor furnished by its subcontractors, went into buildings which, *after completion*, belonged to the Federal government. From this, appellant wants us to conclude that, while it took delivery of, title to, and paid for the material in question, the sale was not a *sale at retail*, because (1) it was not the consumer, and (2) the sale was not the ultimate sale.

Appellant contends the ultimate sale was the sale of the buildings to the Federal government, which resulted or must be inferred from the fact that the buildings belonged to the Federal government after their completion. This

would be true if appellant had contracted to construct the buildings for the Federal government at its expense. It is not true in this case, because the Federal government did not construct the buildings or buy them. Title to buildings may be acquired in many ways other than by sale. In the instant case, title accrued to the government through ownership of the land, upon which appellant had been induced to build by reason of the favorable long-term lease given to it, and the complete financing procured for it by the Federal housing administration.

The appellant bought the material for the purpose of attaching it to its existing leasehold interest in the land, in order to be able to profitably sublet the buildings until the end of the long-term lease.

■ It is appellant's leasehold interest in the buildings which makes its purchase of the construction material taxable as a sale at retail to a consumer.

RCW 82.08.010(4) [*cf.* Rem. Supp. 1945, § 8370-17; Rem. Rev. Stat. (Sup.), § 8370-20], in defining terms applicable to the retail sales tax, adopted the definition of *consumer* as set out in RCW 82.04.190 [*cf.* Rem. Supp. 1949, § 8370-5 (r)], which provides, *inter alia*:

" 'Consumer' means the following: . . .
"(4) Any person who is . . . lessee . . . in real or personal property which is being constructed . . ."

The ultimate sale of the material was to appellant for its use as lessee of the project. Title to the buildings did not pass to the Federal government by sale.

■ The appellant contends it is not a consumer and, hence, not subject to the retail sales tax. Its theory is that government personnel will live in the houses, and, therefore, the government is the consumer.

We do not agree. The appellant is the lessee of the project. The government personnel are appellant's *subtenants*. Appellant, as lessee of the project, has a right to the benefits of occupancy, which it enjoys by subletting to government personnel in consideration of the monthly rental. It, not the Federal government, is the user and/or consumer

of the material and labor upon which the sales tax, in question, was paid.

The judgment is affirmed.

HAMLEY, C. J., SCHWELLENBACH, HILL, DONWORTH, FINLEY, WEAVER, and ROSELLINI, JJ., concur.

OTT, J., did not participate.